The cause was submitted upon this agreement without argument, and being continued nisi, the opinion of the Court was now delivered by
Parsons, C. J
We do not know any legal principles, on which *126 this action can be supported. The money was not paid through mistake, being supposed to be due when it was not; it was not obtained by deceit, fraud, imposition, or oppression; nor was it paid upon an executory contract, which has happened to fail, or which has been, or might be, lawfully disaffirmed by either party. The most that can be urged for the plaintiff is, that nothing passed by the deed, as it was intended to convey a freehold in futuro ; but .he voluntarily paid the money for such a conveyance, and took a covenant from the grantor, that, after his death, the grantee and his heirs should have the land; which covenant, at the grantor’s death, may be broken, and the foundation of an action for damages, if a title to the land be not made to the grantee or his heirs.
Hastings and Bigelow for the plaintiff.
Dana for the defendant.
But, fortunately for the grantee, he is mistaken in the construction of his deed. For, although it is true that by a common law conveyance a freehold cannot be conveyed in futuro, yet by a covenant to stand seised to uses, such conveyance can be effected, And every deed ought to be construed, if it be legally [ * 137 ] possible, so as to effect the intent of the parties. * In this case, beside the valuable consideration expressed, a consideration of natural affection may be averred as consistent with it, (a) for the consanguinity of the parties, though not mentioned in the deed, is agreed in the case. The intent of the parties is clear, and there is a covenant of the grantor, that after his death the grantee shall have the land. This conveyance is therefore to be considered, in law, as a covenant by the grantor to stand seised of the land, to his own use during his life, and after his decease to the use of the grantee and his heirs. And upon the execution of the deed, the grantor was tenant for life, and a remainder in fee was vested in the grantee.
The plaintiff must be called.
¡XjT Vide Milbourne & Ux. vs. Assignees of Simpson, 2 Wills. 22. Roe ex dem. Wilkinson vs. Tranmer & Al., 2 Wills. 75. — Shep. Touchstone, 82, 83. — Co. Litt. 49, a. — 1 Sid. 25. — 2 Vent. 318.

 [See Phillips's Ev., 8th ed. 762, and note. — Ed.]