JOHN C. CHAMBERLAIN *versus* EBENEZER CRANE.

Deeds by which lands are conveyed are to be so construed, if by law they may be, as to give effect to the intention of the parties. Thus, where a husband, seized of land in right of his wife, conveyed it to a third person for the use of his wife, it was held that the conveyance should be construed to be in trust, and that the legal estate vested and remained in the third person.

THIS was a writ of entry, in which the demandant counted upon his own seizin of the demanded premises in his demesne as of freehold within twenty years, and upon a disseizin by the tenant.

The cause was tried upon the general issue at May term, 1815, in this county, and a verdict taken for the demandant, subject to the opinion of the court upon the following facts.

One John Ladd, being seized of the demanded premises by deed February 12, 1803, in consideration of love and good will towards his daughter, Susannah Morley, gave and granted the same to her, " to have and to hold to her and her heirs," also to Aaron Morley, (her husband,) during his life.

Aaron Morley, by deed July 1, 1803, in consideration of one dollar paid him by John Ladd, gave and granted to John Ladd, in trust for Susannah Morley, all his interest in the land, " to have and to hold the same to the said Ladd for the uses and purposes aforesaid."

John Ladd and Susannah Morley, by deed August 11, 1804, conveyed the land to the plaintiff in fee.

Aaron Morley, by deed of January 16, 1807, conveyed the land to the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. The deed of John Ladd to Susannah Morley gave her a fee, and Aaron and Susannah became seized in fee in her right. Aaron Morley, not being named in the premises of that deed, took nothing in his own right. 2 *Roll. Abr.* 67. If Aaron and Susannah Morley had issue born alive, Aaron Morley had an estate in the land for his own life ; otherwise, only for the life of Susannah. Whatever estate A. Morley had, passed to John Ladd by the deed of July 1, 1803. *Co. Litt.* 326. But it is said that the conveyance by Morley to Ladd was to the use of Susannah Morley, and thus

the use is executed in her by the statute of uses, and that the legal estate did not remain in Ladd. If this be true, the conveyance had no operation, but left the estate in the same situation in which it was before the conveyance. But every deed ought to be construed, if it be legally possible, so as to effect the intent of the parties. 4 *Mass. Rep.* 135, *Wallis* vs. *Wallis.* It is most manifest, that in this case it was the intent of the parties to place whatever legal estate Morley had in Ladd, and we are of opinion that this conveyance may be so construed as to effect that intention. If we consider this conveyance as a bargain and sale, and there is no doubt we may so consider it, it left the legal estate in Ladd in trust for Susannah Morley. It is well settled, that in a bargain and sale no use can be executed by the statute of uses, in a third person. 2 *Sanders' Uses* 50, 60.—3 *Johnson* 388, *Jackson* vs. *Myers.* We are, therefore, of opinion that whatever legal estate Morley had, vested in Ladd and passed to the plaintiff by Ladd's deed of August 11, 1804. Judgment must, therefore, be rendered on the verdict for the plaintiff.

*Bingham,* for the defendant.
*Chamberlain, pro se.*