Curia, per
Cojdcock, J.
This case has been detained by the court for a long time, in the hope that a decision which is said to have been made by the constitutional court, on a case bearing a strong analogy to this, would have been procured. But as it cannot be had, we must decide the case.
In the former opinion the court did not determine how the daughter would take under the deed, but only generally that they were of opinion she had an interest under the deed, and from all the circumstances of the case we entertain the same opinion. Where the habendum of a deed is so wholly inconsistent with and repugnant to the premises, so that they cannot stand together, the habendum must be considered as void, and if the premises pass any thing the grantee shall hold. Now in the first part of this deed the property is given absolutely and in presentí.— The habendum after the death of the father is utterly inconsistent with the present interest, and therefore cannot take effect. Delivery is indispensable to the completion of a deed, and in this case the delivery to the officer to be recorded for the benefit of the daughter, may be considered as a sufficient delivery. And thus an absolute right in the negro may be considered as passed to the daughter. But under the circumstances such an interest would not benefit the defendant, and therefore it was contended that this deed may be considered as conveying a future interests to the daughter, the property to be held in the mean time by the father. It was urged that the obvious intention of the party ought to be effectuated if possible, and that it had been held in cases like the one before us, that such a deed of real property though not good as a bargain *201 .awl sale for the want of a consideration, nor as a release for the want of a lease for a year, nor as a feoffment for the want of livery, yet should be held good as a covenant to stand seized, and that by analogy this might be considered as giving the right to the daughter and making the father trustee for life, or to the daughter as trustee for the father for his life. But this cannot be done, for the rules of law in relation to the alienation of real property, are essentially different from those which relate to personal. When it is said the deed must operate if it can, it is meant if it can consistently with the meaning of the parties, as regulated by the rules of law. It is not intended that the plain and obvious meaning of words are to be entirely changed, and that those wills which are peculiarly applicable to one subject are to be applied to another, for this would in effect be making a deed and not construing one. Now such a deed conveying land has been held to operate as a covenant to stand seized, by the operation of rules exclusively applicable to real estate. The grantor conveys an interest reserving a use, and by the statute of uses that use is converted into possession, and he is in holding for the grantee. 4 Mass. 135. But this statute relates entirely to lands, and cOuld not in the nature of things be applied to personal property, for the possession of that is always prima facie evidence of ownership; whereas in those days in which these rules of law, as applicable to real property, had their origin, the possession of it was for the most part in those who did not own it, and those who possessed as well as those who owned it, were subject to a great many services and duties which it was the object of the statute to secure. But even in relation to land, where one has a personal right in it, such a deed would pass a present and absolute right to the grantee. That is, all the right of the grantor. Coke says, if Termor grant the unexpired term, habendum after his death, it passeth : for *202 one cannot be tenant to a dead man. The idea is clearly-expressed that a future interest in a chattel, opposed to-the present in the grantor, cannot be created. If given it passes at once. If not given, of course it cannot pass, but must depend on the future will of the grantor. Such á deed as this found among a man’s papers, who died in the possession of the property given, might perhapsunder circumstances be considered a will.
If it were possible to consider this as á covenant between the parties,, the father by a sale has broken his covenant, and that might give the daughter a right of action, but could not give her a right- to the property in opposition to that of the purchaser.
The case must be considered as at an end, for the property being absolutely vested in the daughter by the deed, she is barred by the statute of limitations, and this renders it unnecessary' to say any thing on the other grounds taken in the brief; and the same result would follow if the daughter took nothing by the deed. The plaintiff must recover. From my best recollection of the case of M’Michael and Inabnet, álluded to in the first part of this opinion, it was in some respects like the case before us, except as to the delivery.

New Trial granted. 

(a)

 See Harper’s L. R. 492.