The opinion of the Court was read as drawn up by
Putnam J.
The principal question in this case is, whether the evidence produced is sufficient to prove the seisin of the demandant; for unless it be so, the tenant of the freehold is not to be disturbed.
There is no proof of any actual entry. And the deed offered by the demandant cannot operate as a bargain and sale, because it purports to convey a freehold in futuro. But we think it may be construed as a covenant of the grantor to stand seised to the use of the demandant. A valuable consideration is expressed, and a good consideration may be presumed from the fact, that it appears in the deed, that the grantee was the grandson of the grantor : so that if it were necessary in this State as it seems to he in England, to prove a consideration of blood or marriage to support a covenant to stand seised to uses, it might be presumed in the case at bar, as it was in Wallis v. Wallis, 4 Mass. R. 135.[1]
It is objected, however, that the conveyance was upon conditions precedent, which have not been performed by the demandant, viz. that he was to perform certain services until he became of age, and afterward, and within a year, he should pay a sum of money ; and that there is no evidence that he paid the money. There is evidence in the case, that he performed the services up to the time when he became of full age, and the *121 grantor then intended that the possession should be taken. He expressly declares in his deed, that the demandant is to come into possession when he arrives at twenty-one years, upon condition of performing the services mentioned up to that time.
The intention of the parties seems to be clearly ascertained, that the grantor was to stand seised until the grantee became of age, and if he should then have performed the services required in the deed, that the estate should then actually vest in possession ; but that it should be liable to be defeated by the covenantor or his heirs if the covenantee should fail to pay the 40Z. within a year afterwards. There is no evidence in the case, of any entry for condition broken.
Now we think there is no difficulty in executing this intent, m virtue of the statute of uses, 27 Hen. 8, c. 10. The conditions having been performed until the grantee became of age, the possession was, without actual entry, transferred to the use, or as it is expressed in Wood’s Institute, the statute then “joined the use and the possession of the land together, so that what estate a man hath in the use, the same he hath in possession.” By these means the demandant became seised when he became of age, viz. January 9, 1799, and he is enti tied to call upon the tenant to disprove the title, if in his power to do so.
The tenant relies upon a deed by the executrix of the grant- or for the payment of his debts. And it is suggested that the conveyance of the grantor was void as against creditors.
If the question of fraud had been intended to be raised, it should have been submitted to a jury. But we do not perceive any evidence in the case to prove it. If this had been a mere voluntary settlement made in good faith when the covenantor was not indebted, it could not have been avoided by a subsequent creditor. Russell v. Hammond, 1 Atk. 15.[1] But it appears to be an honest family settlement upon valuable, as well as upon good consideration, and bona fide.
But if this estate were liable to be sold for the payment of the debts of the grantor, the executrix has not performed the *122 requisitions of the law to make a valid conveyance of it. Stie dk-l not take the oath required to be taken before fixing on the time and place of the sale. The Si. 1817, c. 190, § 11, [St. 1783, c. 36, § 17,— Revised Stat. c. 71, § 14,] is peremptory as to that requisition.
The defence therefore wholly fails. But the demandant is to recover only one half of the premises demanded, according to his right under his deed; and judgment is to be rendered accordingly.

 If the consideration of blood appear on the face of the deed, it is sufficient to raise a use, although blood be not particularly expressed as the consideration. French v. French, 3 N. Hampsh. R. 234. See Shed v. Shed, 3 N. Hampsh. R. 432; Wood v. Stewart, 20 Johns. R. 85; Hauseman v Sebring, 36 Johns. R. 515; Hunt v. Hunt, 14 Pick. 381.

 See Howe v. Ward, 4 Greenl. 197, Damon v. Bryant, 2 Pick. (2nd ed.) 414, note 2, and cases there collected; Smitli v. Lowell, 6 N. Hampsh. R. 67; Jackson v. Seward, 5 Cowen, 67.