# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF MIDDLESEX, OCTOBER TERM 1830, AT CAMBRIDGE.

---

##### PRESENT :

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎬ Justices.
Hon. MARCUS MORTON, ⎭

---

## BENJAMIN GALE *et ux. versus* SAMUEL A. COBURN.

A deed set forth, that the grantor, in consideration of the sum of $ 3000 paid by tne grantee, gave, granted, sold and conveyed to him certain land, " saving and reserving to the grantor, however, the right to use, occupy and enjoy, during his natural life, free of all rent or charge whatever and all molestation in the same," the granted premises. It appeared that the grantee had married the daughter of the grantor, and that she died before the execution of the deed, leaving children who were still alive. It was *held*, that the deed did not pass a freehold to the grantee, presently, and create a new estate for life in the grantor, by way of reservation, but created a freehold estate to commence *in futuro*, and consequently, if regarded as a feoffment or bargain and sale, was void ; but that it was a good covenant to stand seised to uses, the consanguinity between the grantor and his grandchildren being a sufficient consideration therefor, and it being competent to aver and prove such consideration, although a different one was set forth in the deed, and no allusion was made therein to such consanguinity ; and consequently that the deed vested the estate in the grantee, subject to the life estate of the grantor.

THIS was an action brought to recover certain land in Dracut. The tenant pleaded the general issue.

It appeared that the demanded premises were formerly own-ed by James Varnum, deceased ; and that Varnum, in his will, devised to the female demandant, who was his daughter, such an interest in the premises, as would entitle the demandants to recover an undivided part thereof, unless the defence set up by the tenant was maintained.

The tenant offered in evidence a deed containing full cove-nants of seisin and warranty, dated October 16th, 1832, by which Varnum, in consideration of the sum of $ 3000 alleged therein to have been paid by the tenant, gave, granted, sold and conveyed to him the land in question, " saving and reserv-ing to myself, however, the right to use, occupy and enjoy, during my natural life, free of all rent or charge whatever and all molestation in the same, the said land and buildings hereby conveyed and granted," to have and to hold to him, his heirs and assigns.

The demandants objected to the admission of this deed in evidence, on the ground, that it did not operate to convey any interest in the land, it being, as they contended, an attempt to convey an estate of freehold commencing at a future time. But the objection was overruled, and the deed admitted in evidence. It further appeared, that the tenant married the daughter of Varnum, the grantor ; and that she died several years before the deed was executed, leaving two children who were still alive. It was stated at the trial, by the counsel for the tenant, that there was no other valuable consideration for the deed, than personal services rendered to the grantor by the tenant.

The jury returned a verdict for the tenant. The demand-ants excepted to the ruling of the judge.

Jan. 19th, 1836.

*Hoar, Lawrence, Mellen* and *Robinson,* for the demand-ants, to the point, that the deed could not operate as a bargain and sale, because it attempted to create an estate in fee to commence *in futuro,* cited *Parker* v. *Nichols,* 7 Pick. 111 ; and that it could not operate as a covenant on the part of the grantor, to stand seised to his own use during his life, and after his decease, to the use of the tenant and his heirs, because there was no consideration of marriage or consanguinity to give it that effect, and no pecuniary consideration, *Wallis* v. *Wal lis,* 4 Mass. R. 136 ; *Welsh* v. *Foster,* 12 Mass. R. 93

*Fletcher*, *Smith* and *Mann*, for the tenant. The Court will carry into effect the intent of the parties so far as the law will permit. *Wallis* v. *Wallis*, 4 Mass. R. 136.

The deed in question created a *present* estate in fee ; and the interest reserved to the grantor was a distinct interest carved out of the estate granted.

Or if not, it is to be construed as a covenant, on the part of the grantor, to stand seised to uses ; and a pecuniary consideration is sufficient to support it as such. Besides, in this case, there is a sufficient consideration of marriage ; and it is not necessary that this consideration should be expressed in the deed, but it may be averred and proved. The death of the daughter makes no difference ; for the relation of son-in-law remains, and the children of the marriage are still living. *Wallis* v. *Wallis*, 4 Mass. R. 136 ; *Welsh* v. *Foster*, 12 Mass. R. 93 ; *Pray* v. *Pierce*, 7 Mass. R. 384 ; *Jackson* v. *Swart*, 20 Johns. R. 86 ; *Jackson* v. *Dunsbagh*, 1 Johns. Cas. 91 ; *Jackson* v. *Starts*, 11 Johns. R. 351 ; *Chester* v. *Willan*, 2 Wms's Saund. 96, note 1 ; 4 Cruise's Dig. 185 to 193.

The saving clause in the deed is an *exception* and not a reservation, and as such it is repugnant to the previous grant and void ; and so the grant takes effect. Co. Litt. 47 *a*.

SHAW C. J. delivered the opinion of the Court. In this case it is conceded, that the plaintiffs are entitled to recover a portion of the land in controversy, under a devise to the female plaintiff by her father, James Varnum, if he died seised ; and whether he did or not, depends upon the effect of a deed made in his lifetime to the defendant. *Oct. 19th*

It was contended on the part of the plaintiffs, that the deed taken together, in legal effect created a freehold, commencing *in futuro*, by bargain and sale, which is contrary to the rules of law, and so was inoperative and void, and nothing passed by it.

To this it was answered and insisted for the defendant : 1. That in legal effect it created a freehold to commence immediately, and that the interest reserved to the grantor was not inconsistent with this view, being of a distinct and separate interest carved out of the estate granted ; and

2. That the deed was good to pass the estate, by way of covenant to stand seised.

Gale
*v.*
Coburn.

This is a purely technical question, and upon some of the points involved in it the old authorities are numerous and contradictory.

In the first place, we think, that by any reasonable construction of this deed, it must be construed to create a freehold commencing *in futuro,* and that it would be a forced construction to consider it as passing a freehold to the grantee, presently, and creating a new estate for life to the grantor, by way of reservation. The whole and entire estate is reserved to the grantor for his life. The words, "the right to use, occupy and enjoy" an estate, in a grant, operate to transfer the estate, and create a freehold when such right is for life, and I see no reason why they should not have the same effect in a reservation or exception. And the words added in this deed, "free of all rent or charge whatever, and all molestation in the same," thereby vesting the entire possession and occupation, as well as the use and enjoyment, strengthen the conclusion derived from the use of those words, and constitute an absolute estate for life in the grantor. Whether a particular provision in a deed constitutes an exception or reservation, technically, does not depend on the use of the word "except," or the word "reserve," but upon the nature and legal effect of the provision itself. The effect of this deed, I think, is, to grant the land in fee to the grantee, but with this qualification, that the grantor is first to have a freehold estate in it for his own life. Such a conveyance, if regarded as a feoffment or bargain and sale, is contrary to the rules of law, and cannot be maintained.

Then the question arises, can it be supported as a covenant to stand seised.

Several points are perfectly clear.

1. The words of the deed are amply sufficient to constitute a covenant to stand seised. No particular words are necessary. The main intent is to be looked to, and if the intention is manifest, that the grantee shall have the land, whether the conveyance operate in the manner intended or not, is immaterial. The words "give and grant" are sufficient to constitute such a covenant. *Wilkinson* v. *Tranmarr,* Willes, 682 ; *S. C.* 2 *Wils.* 75.

2. The consideration of consanguinity was sufficient to sup-

port such a covenant. The general rule is, that the consideration must be consanguinity or marriage. The doubt suggested in the present case respecting the consideration of marriage, is this : supposing the consideration would have been good whilst the relation of husband and wife subsisted between the daughter of the grantor and the grantee, yet whether, after the death of such daughter and wife, the consideration of marriage could be considered as still subsisting. But it is not necessary to decide that point, because here was consanguinity. The grantor was the grandfather of two of the grantee's children. Kindred is sufficient without regard to the nearness or remoteness of the degree. But here might be an efficient or operating motive, and the grantor might well suppose, that the most effectual mode of advancing his grandchildren, was to vest the property in one, bound by every consideration of legal obligation, moral duty and parental affection, to provide for their maintenance, education and advancement.

3. It is exceedingly well settled by the authorities, that where the fact of consanguinity exists, it may be averred and relied upon, and shall be presumed to have operated as a consideration, in whole or in part, although it is not expressed in the deed as a consideration, and although the grantee or *cestui que use* is not mentioned as a child or other relation. The circumstance, therefore, that this consideration is not mentioned in the deed, will not prevent it from operating as a covenant to stand seised.

4. But the doubt which has occurred is this ; whether when one consideration is expressed and no allusion to any other is made, either in general terms or otherwise, no such phrase used as " divers good considerations," or after expressing one, " divers other, &c.," it is competent to aver and prove another good consideration. Upon this point the authorities are somewhat conflicting ; and probably it would be impossible to reconcile them.

On consideration, however, we are of opinion, that this ought not to be considered as an open question in this Commonwealth, since the decision of *Wallis* v. *Wallis*, 4 Mass. R. 135. The case is directly in point. It was a deed in common form, in consideration of $400, with covenants of warranty,

to hold after the death of the grantor.    In fact, the grantee was the son of the grantor, but this fact is not mentioned or alluded to in the deed.    It was held, that this fact might be averred, and the consideration of natural affection, being consistent with the pecuniary one, should be presumed, and would support the conveyance as a covenant to stand seised.

The principle of this case is recognized and affirmed in that of *Parker* v. *Nichols*, 7 Pick. 111.    In that case, the whole consideration expressed in the deed was valuable, being services and the payment of money, and the only difference between that and *Wallis* v. *Wallis*, is, that the grantee is mentioned in the deed as the grandson of the grantor.    The Court say, that a valuable consideration being expressed in the deed, a good one may be presumed, from the fact, that it appeared by the deed, that the grantee was the grandson of the grantor.    So that if it were necessary in this State, as it seems to be in England, to prove a consideration of blood or marriage to support a covenant to stand seised to uses, it might be presumed in the case at bar, as it was in *Wallis* v. *Wallis*.    We take it to be well settled, that whether this fact be expressed in the deed, or proved by evidence *aliunde*, is immaterial.    A consideration not repugnant may be averred.    *Bedell's case*, 1 Co. R. 4 ; *Crossing* v. *Scuddamore*, 1 Mod. 175 ; *S. C.* 2 Lev. 9 ; *S. C.* 1 Ventris, 137 ; *Milburn* v. *Salkeld*, Willes, 673 ; *Goodtitle* v. *Petto*, 2 Str. 934.

These authorities must, we think, be considered as decisive in this State.    The case of *Wallis* v. *Wallis*, has stood nearly thirty years, and may be considered as constituting a rule of property.

The Court are, therefore, of opinion, that this deed was a good covenant to stand seised, and therefore, although it did create a freehold to commence *in futuro*, it was consistent with the rules of law, and vested the estate in the grantee, subject to the life estate of the grantor.