## ANSON L. BREWER *versus* JOHN W. HARDY.

A deed from a father to his daughter purported to convey to her the fee simple of certain real estate, reserving the use and improvement thereof to the father for his life, and without expressing any other consideration than a pecuniary one. It was *held*, that although as a deed of bargain and sale of a fee simple commencing *in futuro*, it could not take effect, yet it was valid as a covenant to stand seised to uses, the law, in such case, presuming a consideration of consanguinity; that the daughter acquired thereby a vested remainder, and not merely a springing use; and that a subsequent recovery in a writ of right by a third person against the father, did not defeat such remainder, the daughter not having been a party to the suit nor privy in estate.

THIS was a writ of entry to recover possession of certain real estate in Wilbraham.

The trial was before *Putnam* J.

The demandant claimed title under a deed of warranty from his sister, Susan Brewer, bearing date of February 1st, 1834, which purported to convey the land in controversy.

The title of Susan Brewer was derived from her father, Charles Brewer, by a deed dated January 23d, 1829, and duly acknowledged and recorded. This deed, after conveying a fee simple to her, proceeded as follows : " Reserving the use and improvement of said premises to me, the said Charles, for and during the term of the natural life and lives of the said Charles and Anna Brewer, wife of said Charles, and each of them, as fully and completely as though this deed had not been made." In this deed no other than a pecuniary consideration was expressed.

It was admitted by the demandant, that, prior to the year 1810, there had been a conveyance of one undivided half of a part of the premises from Charles Brewer, to his son, Calvin Brewer, which had never been recorded, and which, as the demandant alleged, had been lost or destroyed. It was agreed, that on the 10th of April, 1826, Calvin Brewer reconveyed, by deed of quitclaim, all his right and title in the premises, to Charles Brewer.

The tenant contended, that the conveyance from Charles to Calvin Brewer, was a conveyance of the whole premises, and that the reconveyance from Calvin to Charles was in fraud of Calvin's creditors, and therefore void.

The title of the tenant was derived from the extent of an execution in October, 1831, issued upon a judgment recovered by Henry L. Ellsworth against Calvin Brewer. Ellsworth afterwards brought a writ of right against Charles and Calvin Brewer, and recovered judgment ; and in pursuance of such judgment, Ellsworth obtained possession.

Before the commencement of the present action, Charles Brewer and his wife had both deceased.

The tenant moved for a nonsuit, on the ground, that the deed from Charles to Susan Brewer, containing a reservation of an estate for the lives of himself and his wife, was void, as creating an estate of freehold to commence *in futuro*, and that, not being founded on a consideration of consanguinity, it could not be construed as a covenant to stand seised to uses ; and he contended, that if it should be so construed, the use was defeated by the recovery in the writ of right.

On the part of the demandant, it was contended, that if any part of the deed of Charles to Susan Brewer was void, it was the reservation and not the grant ; but that, at any rate, it might be construed a covenant to stand seised to uses, because a consideration of consanguinity was to be presumed ; and that if so construed, the estate of the *cestui que use*, Susan Brewer, could not be defeated by a recovery against Charles Brewer.

The judge being of opinion, that it would be more convenient that the question of law should be settled before proceeding further, ruled the point in favor of the tenant, and directed a nonsuit.

If the Court should be of opinion, that the direction of the judge was wrong, the nonsuit was to be taken off, and a trial had upon the facts of the case ; otherwise, the nonsuit was to stand.

*O. B. Morris* and *H. Morris*, for the demandant. The deed from Charles to Susan Brewer is valid as a common law conveyance, in all its parts, as well the grant as the reservation.

Shep. Touchst. 83 ; 2 Wms's Saund. 96, note ; *Russell* v. *Coffin*, 8 Pick. 151 ; *Humphry* v. *Humphry*, 1 Day, 271 ; *Emery* v. *Chase*, 5 Greenleaf, 232 ; *Howard* v. *Turner*, 6 Greenleaf, 106 ; *Richardson* v. *York*, 14 Maine R. (2 Shepley,) 216 ; *Jackson* v. *M'Kenny*, 3 Wendell, 233. If any part of such deed is void, it must be the reservation, and not

the grant. Shep. Touchst. 85 ; Com. Dig. *Fait, E* 10 , *Stukely* v. *Butler,* Hobart, 171 ; *Lilley* v. *Whitney,* Dyer, 272 *a*; *Carter* v. *Madgwick,* 3 Levinz, 339 ; *Germain* v. *Orchard,* 1 Salk. 346 ; *Goodtitle* v. *Gibbs,* 5 Barn. & Cressw. 709 ; *Shed* v. *Shed,* 3 New Hamp. R. 452.

But whether it be void as a common law conveyance or not, it is valid as a covenant to stand seised to uses, even if it was not founded on the consideration of consanguinity. If, however, the consideration of consanguinity *or marriage,* is necessary to support such covenant, it is to be presumed, where the fact of consanguinity or marriage exists. *Welsh* v. *Foster,* 12 Mass. R. 95 ; *Parker* v. *Nichols,* 7 Pick. 115 ; *Jackson* v. *Swart,* 20 Johns. R. 85 ; *Rogers* v. *Eagle Fire Co.* 9 Wendell, 628, 629 ; *Wallis* v. *Wallis,* 4 Mass. R. 135 ; *Roe* v. *Tranmer,* 2 Wils. 75 ; *Doe* v. *Whittingham,* 4 Taunt. 20 ; *Jackson* v. *Staats,* 11 Johns. R. 351 ; *Emery* v. *Chase,* 5 Greenleaf, 235 ; *Shed* v. *Shed,* 3 New Hamp. R. 452 ; *Pray* v. *Pierce,* 7 Mass. R. 384.

Charles Brewer, therefore, stood seised to his own use during his life and that of his wife, and then to the use of his daughter in fee ; and the remainder vested in the daughter by virtue of the statute of uses, upon the execution of the deed. *Prescott* v. *Tarbell,* 1 Mass. R. 208 ; *Wallis* v. *Wallis,* 4 Mass. R. 137 ; *Marshall* v. *Fisk,* 6 Mass. R. 31 ; *Northampton Bank* v. *Whiting,* 12 Mass. R. 108 ; *Norton* v. *Leonard,* 12 Pick. 156.

The recovery in the writ of right did not defeat the estate of Susan Brewer, because the judgment was only binding between parties and privies. 3 Dane's Abr. 514 ; *Ryer* v. *Atwater,* 4 Day, 431 ; *Sturges* v. *Beach,* 1 Connect. R. 509 ; *Cowles* v. *Harts,* 3 Connect. R. 522. Susan Brewer was not a privy in estate, because an independent estate *in presenti* had vested in her before the judgment was recovered. 2 Cruise's Dig. *tit.* 16, *c.* 1, § 7, 8. Nor was she a party. She was not summoned in aid, and could not take upon herself the defence. *Hunter* v. *Britts,* 3 Campb. 455 ; *Harding* v. *Handy,* 11 Wheaton, 103 ; Booth on Real Actions, 60. A judgment in a writ of right against a tenant for life, does not bind the reversioner or remainder man, unless he is summoned in aid

*Baspole* v. *Long*, Yelv. 1, and note; Gilbert on Evid. 30, 36 ; *Onslow* v. *Smith*, 2 Bos. & Pul. 388 ; 1 Stark. Evid. 192, 193. If the reversioner were bound in such case, he might lose his estate through the ignorance or fraud of the tenant for life.

*Wells, R. A. Chapman* and *Ashmun*, for the tenant. Un less the deed from Charles to Susan Brewer is construed to be a covenant to stand seised to uses, it is wholly void, as creating an estate of freehold to commence *in futuro*. *Wallis* v. *Wallis*, 4 Mass. R. 135 ; *Jackson* v. *Swart*, 20 Johns. R. 87. Now it cannot be valid as a covenant to stand seised to uses, unless it is founded on the consideration of marriage or consanguinity *Jackson* v. *Sebring*, 16 Johns. R. 515 ; *Welsh* v. *Foster*, 12 Mass. R. 93. It is said, however, that a consideration of consanguinity may be presumed, as the fact of consanguinity existed. But unless it is averred in the deed that there are other considerations, no other consideration can be proved or presumed. *Maigley* v. *Hauer*, 7 Johns. R. 341.

If the deed is to be construed as a covenant to stand seised to uses, the uses were defeated by the recovery in the writ of right. No fee passed to the covenantee, there being no livery of seisin, but the legal estate remained in the covenantor till the use should have arisen, and then the statute of uses would have vested the estate in the covenantee, by way of springing use. But the legal estate of the covenantor was defeated before the event happened upon which the use was to arise, and therefore no estate vested in the covenantee. 2 Bl. Comm. 334, 335 ; Com. Dig. *Uses, L* 1 ; Vin. Abr. *Uses, N. a,* § 6, and *Z; Randall* v. *Jenkins*, 1 Mod. 98 ; *Machil* v. *Clerk*, 7 Mod. 18 ; *Chedington's case*, 1 Co. R. 153 ; *Roe* v. *Tranmer*, 2 Wils. 75 ; 1 Preston on Estates, 233.

PUTNAM J. delivered the opinion of the Court. The rights *Sept. 26th* of the parties are to be ascertained according to the true legal construction of the deed from Charles Brewer to his daughter Susan Brewer, dated the 23d of January, 1829. If she became entitled to the fee, it passed by her deed to the demandant. But if, at the time of the levy of the execution, in October, 1831, the title was in Calvin Brewer, it passed to the tenant For Calvin claimed under a deed from Charles Brew-

er, dated on the 10th of April, 1826, to Calvin Brewer, who was the judgment debtor.

Now the intent of the parties to the deed from Charles Brewer to his daughter Susan, is very manifest. The reservation of the use of the premises for his own life and the life of his wife, Anne, was contained in the deed. So that as a deed of bargain and sale of a fee simple, to take place *in futuro*, it would be void. But if that were so, the demandant contends, and, we think, correctly, that it would be good as a covenant to stand seised to uses.

The case is settled by *Wallis* v. *Wallis*, 4 Mass. R. 135, and the authorities which have been cited at the bar. The tenant however contends, that the deed, if construed as a covenant to stand seised to uses, gave to the covenantee only a springing use ; 2 Cruise's Dig. 354, *tit.* 16, *c.* 5, § 23 ; and that until the use arose, the estate remained in the covenantor and so might be taken. But this estate was not taken on execution as the property of Charles, but as the estate of Calvin And, besides, there is nothing to show, that this was a springing or shifting use. The use was declared for the covenantor and his wife and the survivor, and afterwards to Susan. Here was a freehold estate, capable of supporting the remainder, which by operation of law, then vested. The rule is clear, (2 Dougl. 757 ; 2 Cruise's Dig. 358, *tit.* 16, *c.* 5, § 34,) that wherever there is a precedent estate capable of supporting a remainder, the conveyance is to be construed to be a remainder, and not to be a springing or shifting use.

It was argued for the tenant, that this deed expresses only a pecuniary consideration, and not a consideration of blood. But the case finds, that the relation of father and child by blood existed between the parties ; and that was just the case in *Wallis* v. *Wallis* ; but it was held not to be inconsistent with the deed to show a consideration of consanguinity, in addition to the pecuniary consideration, notwithstanding it was not expressed in the deed. The case of *Wallis* v. *Wallis* has stood not only unimpeached for thirty years, but is recognized as sound law. It is a part of the established legal conveyancing of the Commonwealth, and not now to be shaken by this Court.

But it is argued, that the tenant's grantor has recovered against Charles and Calvin Brewer in a writ of right, and so has defeated the remainder. It is an obvious and sufficient answer, that Susan Brewer was not a party, nor, in the sense of the law, privy in estate, in that suit. The judgment could only bind those who were. She had no day in court ; she was not called in aid, vouched or summoned to make any defence ; and it is too clear for argument, that she is not bound by the recovery.

We are all of opinion, that the nonsuit, which was entered with a view to try the legal questions, must be taken off, and that the tenant may have an opportunity to prove, if he can, that the conveyance of Charles to Calvin Brewer, of the whole premises, and the reconveyance from Calvin to Charles, were in fraud of Calvin's creditors, and therefore void.