*661 By the Court,
Cowen, J.
There can be no difficulty on the evidence as to the delivery of the deed. It took about such a direction as the grantor desired when he gave it to Eddy; and has been acted upon for several years. A title is regularly deduced under it to the defendant. In short, the circumstances leave no doubt that the deed came to the hands of the grantee in the manner intended by the grantor. That it was entirely competent for the granror to convey in the way he did, instead of a regular devise, has been again and again held; and was decided this very term in Tooley v. Dibble, (ante, 641,) which see, with the cases there cited.
Could the consideration of blood be proved by paroi ? A pecuniary consideration may, to uphold a deed of bargain and sale. (Jackson, ex dem. Salisbury, v. Fish, 10 John. R. 456; Jackson, ex dem. Garnsey, v. Pike. 9 Cowen, 69, 72.) Had the boy to whom this land was granted, paid money for it, that might have been shown. Why not receive evidence of relationship? There would seem to be no difference in principle. The first renders a deed operative as a bargain and sale, the latter as a covenant to stand seised—both being conveyances under the statute of uses, both being by deed without expressing any consideration, and both presenting the question whether a deed without expressing a consideration may be made operative by proving one aliunde. It is impossible to doubt, therefore, on the cases in this court. The principle of receiving the evidence in the one case, extends to the other. A semble against such evidence as rosing a covenant to stand seised, is thrown out in Gilb. on Uses, 115, 2d ed., and, for aught I know, in other books; but there are several cases in favor of the evidence. The great doubt seems to have been, whether, one consideration being expressed, e. g., money, with words of bargain and sale, the limitation not being good for the purposes of a bargain and sale, but sufficient for a covenant to stand seised, the consideration of blood adapted to sustain the latter conveyance may be shown against the contrary supposed to be *662 implied by the consideration expressed. I shall not go over the cases. Those, immediately applicable to the question, are collected and considered in a very learned opinion of Bushe, Ch. J, of the K. B., Ireland., in Doe, ex deni. Kearnes, v. Sherlock, (2 Fox Sf Smith’s Rep. 79, 86 to 95.) He entertains no doubt that in the total absence of expression in the deed, the consideration may be shown. He concludes, also, that it may be shown by way of addition to a pecuniary consideration expressed : though he thinks that in such a case, the proof must be much stronger to connect the consideration with the deed than where it omits to express any at all. The freedom with which you may enquire into the consideration, even where it is expressed, for all purposes except to impeach the deed, is shown by the cases cited in McCrea v. Purmort, (16 Wend. 460.) In Wallis v. Wallis, (4 Mass. Rep. 135,) the point was resolved, that a deed expressing a money consideration, and intended to be, but failing as a bargain and sale, might be made to enure as a covenant to stand seised, by simply showing the fact of the relationship of father and son between the parties. Parsons, Ch. J. said: “ Every deed ought to be construed, if it be legally possible, so as to effect the intent of the parties. In this case, beside the valuable consideration expressed, a consideration of natural affection may be averred, as consistent with it; for the consanguinity of the parties, though not mentioned in the deed, is agreed in the case.” If that decision be according to law, and we cannot doubt it, the objection here to the extrinsic evidence, and its effect, and to the charge of the judge upon it, is unfounded.
New trial denied.