# CASES

# SUPREME JUDICIAL COURT,

IN THE

## COUNTY OF LINCOLN.

ARGUED AT MAY TERM, 1847.

---

### George Gault *versus* Ambrose Hall.

A motion by the defendant to dismiss a suit, "because of the defectiveness of the records in the Court below," was overruled where he appeared in the District Court and pleaded, and the plaintiff demurred to the plea, and, upon adjudication that the plea was bad, the defendant appealed and entered into a recognizance to prosecute his appeal with effect.

Where a levy was made under the provisions of the stat. of 1821, c. 60, *it was held*, that a sufficient cause was shown by the officer for his appointing an appraiser for the debtor, by returning that he "gave due notice to the within named debtor to choose an appraiser (by leaving a written notice at his usual place of abode) and he neglecting to choose an appraiser."

In making a levy, if the setting off be made, "reserving and excepting therefrom the granite on said premises," that fact should be so stated in the return of the officer, if the debtor had previously conveyed it. And if such reservation be made in the appraisement, and the return merely states, that it was done because the creditor had represented that the debtor had before that time conveyed the granite, the burthen is on the creditor, in order to sustain his levy on a trial, to show that such conveyance had been made.

Where a deed is made to take effect only after the decease of the grantor and his wife, and no valuable consideration is expressed in the deed, and none is in fact paid, and the grantee is not of the blood of the grantor, and there is no consideration of marriage, nothing passes by the deed.

This case came before the Court upon the following report of the trial before Shepley J. : —

In this action the defendants moved, that the action be dismissed because of the defectiveness of the records in the Court below.

It appeared that the docket entry of the District Court for the August Term, 1840, is as follows, viz : —

"No. 151. *George Gault* v. *Ambrose Hall & al.*"

"Demurred. Plea bad."

"Defendant appeals."

"No papers on file."

The certified copy of the docket entry, dated September 19, 1844, which may be *referred to*, was the only record in the case.

A copy of the original writ was shown, with the following indorsement on it : — "Lincoln ss. Clerk's office, Sept. 14, 1844. — Original writ filed this day by H. C. Lowell, Esq. Attest, J. Smith, Clerk."

The 42d Rule of the District Court was read, which may be referred to.

Whereupon the presiding Judge declined to dismiss the action, and the defendant pleaded title in the heirs of James Matthews.

The demandant's title was founded on a levy of an execution on the demanded premises, as the property of the defendant, which is to be a part of the case without copying, made Oct. 3, 1839.

It appeared, that James Matthews was the original owner of the demanded premises, and that he conveyed the same to the defendant by deed, dated Aug. 28, 1828, for the consideration, as expressed in the deed, "of myself and Betsey my wife being well maintained with meat, drink, clothing and lodging during our natural lives, and decently buried when dead, by Ambrose Hall of St. George, State of Maine, yeoman ;" and next preceding the habendum is this clause : "N. B. The above named Ambrose Hall is to come into possession of said land at our decease."

A deed was read from said Matthews to Caroline Hall, wife of defendant, and daughter of the wife of Matthews by a

former husband, dated June 15, 1837, acknowledged June 16th, and recorded July 11, 1837 ; and another from the defendant to said Matthews, dated June 14, 1837, acknowledged June 25, and recorded July 11, 1837.

Counsel for defendant proposed to prove, that the said deed from Matthews to wife of Hall, which was a warranty, and the said deed from Hall to Matthews, were respectively executed and delivered on the day they were respectively acknowledged, that is to say, that the deed from Hall to Matthews, was executed and delivered nine days after the execution and delivery of the deed from Matthews to his wife.

Whereupon the presiding Judge, admitting such proof could be made, arrested the cause and ruled, that the effect of these deeds was that they gave to him a life-estate, which would be conveyed by the levy of the execution to the demandant.

And the Judge recommended a default subject to the opinion of the whole Court on the matters of law involved ; and a default was entered by consent, to be set aside and the cause stand for trial, provided the whole Court shall be of opinion that the action cannot be maintained.

The validity of the levy and the return thereof is to be considered ; and said deeds are to be referred to without copying.

By the papers referred to it appeared that the portions of the officer's return of the levy, on which the objections were founded, were in these words : —

" I further certify, that I gave due notice to the within named debtor to choose an appraiser (by leaving a written notice at his usual place of abode) and he neglecting to choose an appraiser, I thereupon chose and appointed," &c. " Reserving and excepting therefrom the granite on said premises, with a right to take the same off ; the said creditor representing that said debtor deeded away said granite before the attachment on the original writ."

The consideration in the deed from Matthews to Mrs. Hall was in the same language as that in the deed from him to her husband, given in the foregoing report ; and immediately following the description of the premises were these words : —

" The above named Caroline Hall is to come in possession of said land at our decease."

The deed from Matthews to Mrs. Hall contained these words, immediately preceding the description, " Give, grant, bargain, sell and convey unto the said Caroline Hall, her heirs and assigns forever a certain tract of land *to hold separate from her husband* lying in St. George and bounded," &c.

*Ruggles,* for the tenant, argued in support of these positions :—

The levy of the demandant's execution gave no title.

1. The return does not state, that the notice was *left at his last* and usual place of abode, but at his usual place. No inference can be drawn from the word *neglecting,* because he has stated what notice he gave. It also ought to appear, that the notice was left so long before the extent, as to raise a presumption at least in favor of actual notice being received. *Means* v. *Osgood,* 7 Greenl. 146.

2. The appraisers had no right to deduct from the value of the land, the supposed value of the granite, which might be found there. The appraisers seem to have made no inquiry, whether the granite had or had not been sold, and to have made the deduction upon the mere statement of the creditor, that the sale had been made. If this course of proceeding is to be upheld, a wide door will be opened to fraud.

3. The land was not the property of the debtor, and for that cause, the demandant took nothing by his levy. This deed was intended by the parties to it to be conditional. No form of words is necessary to constitute a condition, and it may be as well found in the consideration, as in any other part. Shep. Touchstone, c. 6, p. 117, 118, 123. The consideration is the condition, and the condition is the only consideration. The condition not having been performed, no re-conveyance was necessary.

4. The deed from Hall to Matthews, was after the deeds to his wife and to himself. As the deed to Mrs. Hall was a warranty, Matthews might be estopped to set the title acquired from her husband, against her. But there is no principle of

law, which would give him a life-estate through his wife against his deed.

5. The deed from Matthews to Mrs. Hall, being for her separate use only, nothing passed to the husband by it, which could be the subject of attachment and levy. *Smith* v. *Wells*, 7 Metc. 240; 5 Law Rep. 15; 2 Story's Eq. § 1392; *Mussey.* v. *Pierre*, 24 Maine R. 560; Clancy's Hus. and Wife, 256, 257.

*H. C. Lowell* argued for the demandant.

The officer in his return, gives a sufficient reason for his appointment of an appraiser on the part of the debtor. The levy was in 1839, and comes under the St. 1821, c. 60. He certifies, that he left a notice at the actual place of abode of the debtor, and that he neglected to choose an appraiser. This is sufficient. *Bugnon* v. *Howes*, 13 Maine R. 158; *Thompson* v. *Oakes, ib.* 407; *Sturdevant* v. *Sweetser*, 3 Fairf. 520; *Meuns* v. *Osgood,* 7 Greenl. 146; *Blanchard* v. *Brooks*, 12 Pick. 47.

The next objection, now made, that the appraisers should not have deducted the value of the granite, was not made at the trial, and ought not to avail the tenant, if it had force. But there is no ground for it. It is the duty of the appraisers to deduct all existing claims upon the estate, such as a right of dower, or the laying out of a highway, although the incumbrance of an attachment cannot be. 3 Fairf. 520; 4 Metc. 404; 3 Conn. R. 528; 19 Maine R. 278. The appraisers may as well ascertain and deduct the value of the granite in this case, as that of the incumbrances, in the cases referred to. The burthen is on the objector, to show that the appraisers conducted erroneously in making the allowance. 18 Maine R. 397; 1 Metc. 345. The Court will not declare a levy void, merely because it appears to have been injudiciously made, as the determination of that fact is entrusted by law to the appraisers; and their determination is conclusive, where there is no fraud. 18 Maine R. 397. The levy cannot be avoided merely because the value of the granite was deducted.

The demandant claims under a statute purchase, of the

right of the husband of Caroline Hall. The tenant sets up a title under the heirs of her grantor, as both Matthews and his wife, had deceased before our attachment and levy. The inquiry then is, which title is to prevail ?

A conveyance of land by deed may be regarded as any species of conveyance, not repugnant to its express terms, necessary to uphold the grant, and carry into effect the inten· tion of the parties. A conveyance by deed of warranty to a family friend for the consideration of future support, and declaring that the grantee shall come into possession at the death of the grantor, will be regarded as a present conveyance in fee, reserving to the grantor, a life-lease to himself. And if a man conveys, by deed of warranty, land to which he has then no title, and subsequently acquires one, the title so acquired enures to the benefit of his own grantee. Therefore, when the deed was given by the tenant to Matthews, whatever title passed, enured to the benefit of Mrs. Hall, and the tenant took a life-estate in it, as her husband. The levy took all the title which the tenant had, a life-estate in the premises. The authorities to support these propositions are very numerous. But few will be cited. 2 Smith's Leading Cases, 455 to 460, and authorities there cited ; *White* v. *Patten,* 24 Pick. 324 ; *Fairbanks* v. *Williamson,* 7 Greenl. 96 ; *Wallis* v. *Wallis,* 4 Mass. R. 135 ; *Gale* v. *Coburn,* 18 Pick. 397 ; *Brewer* v. *Hardy,* 22 Pick. 376 ; *Litchfield* v. *Cudworth,* 23 Pick. 23 ; *Rogers* v. *Eagle F. Co.* 9 Wend. 611 ; *Jackson* v. *Delancy,* 4 Cowen, 427 ; *Kimball* v. *Fenner,* 12 N. H. Rep. 428.

If this had been a conditional conveyance, as contended by the counsel for the tenant, still it was on a condition subsequent, and the legal estate vested at once in the grantee, subject only to be defeated by the non-performance of the condition and re-entry of the grantor for condition broken.

The opinion of the Court, after a continuance *nisi,* was drawn up by

WHITMAN C. J. — The motion made to dismiss this action was properly overruled. The defendant appeared in the Dis-

trict Court, and pleaded, and the plaintiff demurred to his plea. The adjudication was, that the plea was bad. From that judgment the defendant appealed to this Court; and of course recognized to prosecute his appeal with effect. After so doing, on coming into this Court, a motion by him to dismiss the action from this Court could not be entertained. He should not have pleaded to the action in the court below till he found one properly before the court there; and assuredly he should not, till such was the case, have entered into a recognizance to prosecute his appeal with effect, which required that he should enter the case here, and produce copies of the case, and file the same here.

The report of the presiding Judge brings before us all " the matters of law involved" in the case. And a default having been entered by consent, it is to be removed, and the cause is to " stand for trial; provided the whole court shall be of opinion, that the action cannot be maintained." We are to understand by this, probably, that, if the action is not sustainable upon the evidence as now presented, it shall stand for trial upon further evidence to be adduced.

In the first place it may be remarked, that, upon a new trial, if one is to be had, there should be an issue joined. None appears to have been joined at the former trial. A special plea was filed by the defendant, denying that he was tenant of the freehold in the premises demanded; and the plaintiff tendered an issue upon that fact; and, if it had been joined, there would have been no other question to have been tried, but whether he was so or not. In such case the defendant could not have made any objection to the title relied upon by the plaintiff. The only question would have been, whether the defendant was a deforciant of the plaintiff. On trial it might, perhaps, have been proved, that he was in possession, claiming in right of his wife, and so of a life-estate; or it might have been proved that he was not tenant at will, as in his plea is pretended, under the heirs of Matthews; but was in as a wrongdoer, denying their right. In one or the other of these modes the issue, if it had been joined, might possibly have

been determined against him. But these defects upon a new trial, if one should be granted, may be cured, and new pleadings may, by leave of Court, be filed presenting a new issue.

But the case seems to have proceeded to trial, by tacit consent, upon questions involving the titles of the parties generally; and the report presents the case accordingly; and the arguments of counsel have been elaborate in reference to such points. It will therefore be useful and proper, with a view to future proceedings, to proceed to consider the points connected with a final disposition of the cause.

The first piece of evidence offered, and relied upon by the plaintiff, is a levy upon real estate, by virtue of an execution in his favor; and against the defendant; and his right to recover, in the first instance, must depend on its validity. The first objection made to it is, that the defendant, the debtor in the execution, was not duly notified to choose an appraiser of the estate. The officer, who made the levy, certifies, that the debtor was duly notified for the purpose, and neglected to choose one. He states, however, that he notified him by leaving a written notice at his usual place of abode. To be duly notified it must be understood, that the place where the notice was left was one in which it could be believed to be most likely to be received by him in sufficient season. Otherwise the return would not be true, that he duly notified the debtor; nor could he fairly return that the debtor had neglected to make the choice; and officers' returns are to be presumed to be in accordance with the truth. This objection therefore is not sustainable.

The next objection urged against the levy is, that the setting off was made with the exception and reservation of the granite on the premises, and liberty to take the same off. This, in the officer's return, is said to have been so done because, as stated by the creditor, the debtor had previously sold it. If there had been such a sale the levy might well be upon the residue of the debtor's interest in the land. If in fact there had been no such sale, the levy could not be deemed to have been well made. In such case there could be no

authority for any such exception and reservation; and by the making of it, if the residue of the estate could pass under the levy, it would necessarily be attended with mischievous consequences to the debtor. It might remove him from his farm at a valuation greatly depreciated by the exception and reservation, when, in consequence of such a carving and severance, the reservation would be of very little value to him. The statute authorizing levies never contemplated such a splitting up of the interests in real estate. When it can be taken entire it must be so taken, if taken at all. If practicable, according to the express language of the statute, it must be taken by metes and bounds. It did not appear at the trial that any such previous sale had been made by the debtor; and the officer has not returned it as a fact, that such was the case. There was, therefore, no reason to presume it. Under such circumstances it would seem to be proper that the plaintiff, in order to support his levy, should be required to come prepared to show that such previous sale had been made. That not having been done, the title, depending upon the levy, was defectively made out. But upon a new trial this defect may, perhaps, be supplied by proof of such previous sale.

But, if on a new trial this difficulty should be obviated, we will proceed to consider whether he would not meet with another, quite insurmountable. As to the deed from Matthews to the defendant, it may be stated at once, that nothing passed by it. It was to take effect not till after the decease of the grantor and his wife, till then the possession was to be withheld. It was not a deed of bargain and sale, as there was no valuable consideration for making it, and none is expressed in the deed as having been received. It could not, therefore, operate as a covenant to stand seized to uses, so as to convey an estate *in futuro;* for the defendant was not of the same blood with the grantor. *Wallis* v. *Wallis,* 4 Mass. R. 135; *Pray* v. *Pierce,* 7 ib. 381; *Parker* v. *Nichols,* 7 Pick. 111; *Gale* v. *Coburn,* 18 ib. 397; *Brewer* v. *Hardy,* 22 ib. 376; *Jackson* v. *Sebring & al.* 16 Johns. R. 515; *Rogers* v. *Eagle Fire Co. of N. Y.* 9 Wend. 611; *Jackson, &c.* v. *John and Mary*

*Delancy,* 4 Cowen, 427 ; *Jackson* v. *Cadwell,* 1 ib. 622 ; *Wilkinson* v. *Tramer,* 2 Wils. 75.

The deed to Mrs. Hall stands upon a basis equally unfounded. She was not of the blood of the grantor ; nor can the consideration be regarded as arising from marriage ; and the deed is without any valuable consideration expressed in it as having been received ; and is to take effect, if at all, in *futuro.* The language of the deed is altogether that of the grantor. It imposed no obligation upon her ; and being a feme covert she could assume none. The case of the *Eagle Fire Co.* v. *Delancy,* is much in point. The grantee there was a son-in-law of the grantor. The consideration expressed therein was, as to a part of the estate, precisely like that contained in the deed to Mrs. Hall. It was not, as to that part, to take effect till the decease of the grantor. It was not considered as a deed of bargain and sale, for the want of a consideration expressed in it. It was not considered as having been made in consideration of marriage, although the grantee's wife was the daughter of the grantor. No such consideration was alluded to in the deed. In the case at bar there can be no pretence for blood relationship, the grantee being but the daughter of the grantor's wife, by a former marriage ; and there is no ground for considering the conveyance as in consideration of marriage, for no such consideration is expressed ; and there can be no pretence, that any marriage was had in consequence of it, or with reference to it.

The case of *Jackson, &c.* v. *Sebring,* in the Court of Errors in N. Y., was disposed of upon an elaborate opinion delivered by the late Chancellor Kent, containing a review of all the authorities up to that time. His opinion is lucid and conclusive. Some of the cases cited from Massachusetts are, however, not at all points in accordance with it. But as far as those opinions are applicable to this case the variance is not material. All agree, that to constitute a bargain and sale there must be a valuable consideration to support it ; and, if to take effect *in futuro,* there must be proper covenants ; and a blood relation between the parties to the deed ; or the consideration

of marriage, to raise a use first for the bargainor, and afterwards for the bargainee. In the case before us there was no valuable consideration for the deed to Mrs. Hall, no blood relation between her and the grantor, and no consideration of marriage expressed or inferable.

*Default taken off and new trial granted.*