## WILLIAM L. CLARK, Administrator, *vs.* JAMES DESHON.

Although a bill of sale of a vessel, absolute in its terms, expresses a certain sum as the consideration, the vendor may prove an oral agreement to pay an additional sum upon a certain contingency, and recover such sum upon the happening of the event.

ASSUMPSIT for money had and received by the defendant to the use of William Tilden, the plaintiff's intestate. At the trial in this court, before *Bigelow,* J., March term, 1852, it appeared that on the 16th of December, 1848, said Tilden, by an absolute bill of sale, conveyed to the defendant, the brig Josephine, for the consideration, as named in the conveyance, of $4,500; payment of which, by the defendant, was not controverted. The plaintiff offered evidence tending to show, that prior to the execution of said bill of sale, the defendant made an oral agreement with said Tilden, that upon sale of the vessel at the end of six months, he would pay him all the proceeds above $4,500, and a commission of ten per cent.; or, would reconvey the brig upon payment of $4,500, and such commission. It also appeared that the defendant had sold half of the vessel for $3,000, and had collected, as earnings of the vessel, the sum of $800; that he had effected an insurance upon the other half of said vessel, " for whom it might concern," on which he had received, upon loss of the same, the sum of $4,100. The defendant objected to the competency of said parol evidence as tending to vary the terms or nature of the bill of sale, or tending to show such an agreement between the parties, made at or before the execution of said bill of sale.

A verdict was taken for the plaintiff for $3,190, subject to the opinion of the whole court as to the admissibility of this evidence.

*R. Choate & J. M. Bell*, for the defendant. 1. Parol evidence of an agreement prior to, or at the date of the bill of sale, is inadmissible; such agreement, if any was made, was merged in the bill of sale. 1 Greenl. Ev. §§ 275, 281; *Cummings* v. *Arnold*, 3 Met. 486; *Barrett* v. *Union Mut. Fire Ins. Co.* 7 Cush. 180.

2. A defeasance cannot be engrafted upon a bill of sale by parol. *Miller* v. *Baker*, 20 Pick. 285; *Whitaker* v. *Sumner*, 20 Pick. 399; *Hale* v. *Jewell*, 7 Greenl. 435; *Bennock* v. *Whipple*, 3 Fairf. 346.

*W. Kelley*, for the plaintiff.

SHAW, C. J. This action is defended on the ground that parol evidence is not admissible, the bill of sale being absolute. But the court think the evidence is admissible, on two grounds. It is sometimes argued, and was here, that such evidence is competent, because the bill of sale does not give the whole contract. But this is a dangerous ground. If parol evidence is to be admitted to show that a written instrument does not contain the whole contract, and then the party is allowed to show by parol evidence what that contract was, all the evils which the statute of frauds is intended to guard against would follow. But there are two grounds on which it is admissible here.

1. In the first place it has been often held that a receipt may be controverted by parol; and if a deed contain a receipt of the purchase money, it may still be shown that it has not been paid. It is introduced into the instrument to give effect to it, by showing a consideration on its face, and may be contradicted, so far as the amount and the fact of payment is concerned. This brings the present case within the rule. A further authority to show that the acknowledgment of the receipt of the whole consideration in a deed, conveying real or personal property, is not conclusive is, that a vendor may sue for the whole or any part of the unpaid price, and maintain his case by parol evidence. *Wilkinson* v. *Scott*, 17 Mass. 249.

2. Another distinct ground for the admission of this evi dence is, that where a conveyance of property has been mad by deed expressing on the face of it a consideration, it ma) be shown by parol evidence, that an additional consideration, or that another and distinct consideration in fact existed. *Wallis* v. *Wallis*, 4 Mass. 135 ; *Brewer* v. *Hardy*, 22 Pick 376.

On both these grounds, the case is within the rule. There is an absolute bill of sale, but the present action does not call in question the conveyance. The plaintiff claims that the ves- sel was to be paid for in a particular way, and this action is to recover the amount to be so paid. It was argued that there was an attempt to graft a defeasance upon an absolute con- veyance, but this evidence has no tendency to prove a defea- sance. It does not import to be a stipulation that this instru- ment should be void, on the performance of any condition. This action is not for a reconveyance. The agreement alleged was no defeasance, but a separate, independent stipulation. We do not perceive that such admission of parol evidence is obnoxious to any objection. It is admissible, to show a col- lateral agreement as to the mode of payment, and when so admitted, does not interfere with the conveyance itself.

*Judgment for the plaintiff on the verdict.*