STEPHEN P. WARDWELL *v.* ISAAC H. BASSETT and wife.

A quitclaim conveyance from a mother to the wife of a son, though, upon its face, open to the objection of attempting to create an estate in fee *in futuro*, will be sustained as valid, the relationship between the parties furnishing a sufficient consideration, and the intent of the instrument being, unmistakably, to convey a fee, subject to a life interest in the grantor.

The language of an instrument of release and quitclaim, in common form, except that to the *habendum* clause is added the phrase, "from and after the day of my [the grantor's] decease," is to be construed as a covenant to stand seized.

THIS was an action of trespass and ejectment, for possession of a certain lot of land, with buildings and improvements, situate on Chestnut street, in the city of Providence. It was submitted to the Court upon facts evidenced by documents filed, and the oral admissions of parties, at the hearing.

Chloe H. Bassett, widow, by a quitclaim deed, bearing date May 4, 1852, with a warranty against the lawful claims and demands of all persons claiming by, through or under her, had conveyed the said lot to Amey Ann Bassett, one of the defendants, the wife of the other defendant, "to have and to hold," &c., "to her, the said Amey Ann Bassett, and to her heirs and assigns, to her and their sole use and benefit forever, *from and after the day of my* [said Chloe's] *decease.*" Said Chloe, on the 28th of November, 1859, executed a last will and testament, in which was contained a clause, giving and bequeathing to Charles H. Bassett all the rest, residue and remainder of her estate, of every kind and description, all the other property embraced in

the will being strictly personal. After the decease of the testatrix, but prior to the establishment of the will, namely, on the 18th of May, 1865, the said Charles H., by a quitclaim deed, conveyed to the plaintiff all his right, title and interest in the property, of every name and description, devised and bequeathed to him in and by the last will and testament of Chloe H. Bassett, deceased, wherever and however the same might be situated and named and referred to in and by said instrument. The will was approved and established June 20th, 1865. The said Isaac H. and said Charles H. were brothers, sons of the said Chloe. The action was commenced December 25th, 1865.

*B. N. and S. S. Lapham, for the plaintiff:*—

I. The deed from Chloe H. Bassett to Amey Ann Bassett was a void instrument, because it attempts to create an estate *in futuro.* 2 Bl. Com. 165, 315; 2 Washburn on R. P. 219, 220, 229–31; 4 Kent, 235 (note); Taylor's Landl. and Ten. § 73.

II. The covenants of warranty in the deed do not work an estoppel. 2 Wash. on R. Prop. 472, 476.

III. The plaintiff's title, by conveyance from the devisee of Chloe H. (who continued to be the owner notwithstanding her conveyance to her daughter-in-law), is to be sustained.

*Potter, for the defendants:*—

I. The deed from Chloe H. Bassett to Amey Ann Bassett conveyed all her interest, and therefore no title to the lot in question could pass under her will. That deed is not void at common law. The estate is granted in the premises and granting part of the deed, and the habendum cannot change or lessen it. 2 Bl. (Wendell's ed. of 1847), 298, and notes. Indeed, an habendum is unnecessary. 5 Barn. and Cres. 716; 5 Barn. and Ald. 783. It is a general rule that no one can claim under an habendum unless he is named in the premises. 2 Hilliard's Abr. § 148, p. 355. A reservation or a use may be limited, in the habendum, to one not named in the premises. Ib. § 150. If the habendum is repugnant to the premises, it is void. If the grant is made to A and his heirs, habendum to B for life, A takes a fee. And where the habendum of a bargain and sale is to the *grantor,* it shall be rejected, and the use enure to the grantee.

So, where the premises give an immediate, and the habendum a future estate, the latter shall not defeat the grant, as being *in futuro.* Ib. § 155 ; *Moss* v. *Sheldon,* 3 Watts & Serg. 160. By the deed in question, the fee passes at once by delivery of the deed, subject to a life estate of the grantor. 2 Bl. Com. (ed. as above) 164–7. There is an estate of freehold in possession to support the estate granted by the deed. 4 Bl. Com. 143–4 (notes). The deed is, in effect, a grant of a remainder, subject to a life estate of the grantor. The reason why, at common law, an estate of freehold, to commence *in futuro,* was void, was, because such an estate cannot be created without livery of seizin, or corporal possession of the land, "by a freeman—one who could go where he pleased." 2 Bl. Com. 143, 144 ; Hilliard's Abr. 77, § 6. The feudal system, as a *law of tenure,* is abolished in the United States. Ib. ch. 2, §§ 13, 14, 18, and cases cited ; ch. 81, p. 293–5 ; ch. 2, § 69 ; *Green* v. *Thomas,* 2 Fairfield, 318. Livery of seizin is expressly abolished in Rhode Island. Rev. Stats. p. 335.

II.   A conveyance to take effect *in futuro* is valid. *Jackson* v. *McKenney,* 3 Wend. 235, and citations ; *Same* v. *Dunleigh,* 1 Johns. Cas. 94 ; *Same* v. *Swart,* 20 John. R. 87 ; *Same* v. *Swarts,* 11 John. 351 ; 4 Cruise's Dig. 185, 193 ; *Green* v. *Thomas,* 2 Fairfield, 318 ; *Rogers* v. *Eagle,* 9 Wend. 611.

III.   The covenant in the deed to the defendant, Amey Ann, is good, as a covenant to stand seized. *Jackson* v. *McKenney,* 3 Wend. 235 ; *Same* v. *Swart,* 20 John. 87 ; 2 Strange, 934 ; 2 Hilliard's Abr. 312 ; §§ 20–57.

IV.   That deed is also good by way of reservation. *Jackson* v. *McKenney,* 3 Wend. 235.

BRADLEY, C. J.   The question in this case arises upon the construction of a quitclaim deed made in the common form under our practice, with the habendum providing that it shall not take effect until after the decease of the grantor. This is not an unusual mode of conveyance in this and other New England States, and is, upon the face of it, open to the objection of attempting to create an estate in fee *in futuro.* It is the duty of the Court, of course, to sustain the intention of the parties if upon any legal grounds it can be sustained.

The language of this instrument may be construed as a covenant to stand seized, as the intention is clear, and as, upon inquiry, we find that the relations of the parties to this deed are such as to furnish a sufficient consideration; for it is admitted in the case, though not upon the face of the deed, that the grantor was the mother of the husband of the grantee, by whom he had children.

The cases of *Wallis* v. *Wallis*, 4 Mass. 135, *Gale* v. *Coburn*, 18 Pick. 397, and *Bell* v. *Scammon*, 15 N. H. 381, are strictly analogous to this case, upon the point here decided. See, also, *Byron* v. *Bradley*, 16 Conn. 473. It is unnecessary to consider whether the deed could be sustained upon other grounds.

*Judgment for the defendant.*