## MARDEN *versus* CHASE.

That rule of the common law is in force in this State, which holds that a bargain and sale of a fee-simple estate, to take effect *in futuro*, is inoperative and void.

That result however is not to be admitted, if the deed show a different intention, and one which can be carried into effect, without a violation of the rules of law.

A deed showing that the bargainor lived upon the land, and reserving "the use, occupation and control of it, during the lives of the grantor and his wife, *for their support and maintenance*," shows an intent that the *reservation* should be a restricted and qualified one; extending only to the measure of relief which the grantor and wife might actually need for their support and maintenance.

Such a deed therefore is not void, as creating a fee to take effect *in futuro*.

WRIT OF ENTRY.

The trial was before TENNEY, J.

The demandant introduced a deed of quitclaim to himself from Nathaniel Moncey, wherein the premises are described, and are also stated to be the farm on which the grantor lived, except a reservation to said grantor and his wife, of the use, occupation and control of said premises during their natural lives " for their maintenance and support."

The demandant also introduced an unsealed paper, dated September 12, 1847, made by said grantor, after the death of his said wife, and prior to the commencement of this suit, as follows, viz : —

" I, Nathaniel Moncey, hereby give up all my interest, use and control of the Brown lot, so called, to Thomas Marden, 2d, it being the same lot deeded to the said Thomas by

me ; and in consideration of the control and use of said farm, the said Thomas is to provide for my support and maintenance."

The tenant showed no title in himself, but contended that the action could not be maintained in the name of the demandant, and requested the court so to instruct the jury. This the court declined to do, but, for the purpose of this trial, instructed them that the action was rightly brought in the name of the demandant.

To which instructions, the counsel for the tenant excepted.

*Abbott* and *Howes*, for the tenant.

1. A writ of entry can be maintained only by one having a present right of entry. Moncey, by the reservation in his deed, created for himself a life-estate. 4 Kent's Com. 23, 24; 2 Devereaux, 411.

The demandant, then, has no present right of entry or possession. His right, if any, is but reversionary.

2. That life-estate is a realty. 1 Hilliard's Ab. c. 2, § 1, 5 Ibid. c. 4, § 1; R. S. c. 94, § 14; and c. 91, § 26; *Symmes* v. *Drew*, 21 Pick. 278; 6 Mass. 251.

3. An estate for life can be conveyed only by a deed, a sealed instrument. R. S. chap. 91, sec. 26; 4 Mass. 443; 15 Ver. 479; 4 Gilm. 536; 19 Maine, 363.

*White* and *Palmer*, for the demandant.

1. The deed of Moncey clearly shows upon its face, an intention to convey a fee on mere condition subsequent; that is, for him to have the income for a limited time, if needed for his support. As to the wife, the condition has been fulfilled.

No particular collection of words is necessary to create a condition. It is to be gathered from the intent of the parties. *Howard* v. *Turner*, 6 Greenl. 106; *Simonds* v. *Simonds*, 3 Met. 558; *Taft* v. *Morse*, 4 Metc. 525; *Hayden* v. *Stoughton*, 5 Pick. 528; *Brewer* v. *Hardy*, 22 Pick. 376.

2. The deed is not to be taken as conveying a fee *in futuro*. If any part of it is to be rejected, it is the reservation.

Shep. Touch. 85 ; *Stukely* v. *Butler*, Hobart, 171 ; *Lilley* v. *Whitney*, Dyer, 27 ; *Goodtitle* v. *Gibbs*, 5 Barn. & Cress. 709 ; *Shed* v. *Shed*, 3 N. H. 452 ; *Thompson* v. *Gregory*, 4 Johns. 81 ; 2 Black. Com. 164 ; 3 Bacon's Abr. 383, title Grant.

The deed is good in all its parts. Parties are not to be taken to use unmeaning or contradictory terms. It is a settled rule that deeds, and parts of them, are never to be declared void if by construction they can be made operative. Shep. Touch. 82, 83 ; 2 Wm. Saunders, 96, note ; *Pray* v. *Pierce*, 7 Mass. 381 ; *Russell* v. *Coffin*, 8 Pick. 151 ; *Emery* v. *Chase*, 5 Greenl. 232 ; *Richardson* v. *York*, 14 Maine, 216.

The writing of Sept. 12, 1847, is abundant to make the deed complete, were it not so without it. It is clearly good as a waiver of the condition, and is tantamount at all times to a fulfillment of the condition ; and is entirely consistent with the idea of a condition subsequent.

The fulfillment of a condition perfects the deed, and makes it complete. 5 Coke's R. 85, *Penyman's case.*

It is good as a relinquishment and discharge of the life-estate, if that construction should be upheld. R. S. chap. 91, sect. 30.

TENNEY, J. — The title relied upon by the demandant is under a deed of quitclaim from Nathaniel Moncey, to him and heirs and assigns forever, warranting against all claims, which have or may originate in him. After a description of the land, which is represented as being the farm on which the grantor lives, follows " excepting and reserving to the said Nathaniel Moncey the use, occupation and control of the said described premises, during the said Nathaniel Moncey's and his wife Margrette Moncey's natural lives, for their maintenance and support."

The tenant introduced no title of evidence in himself, but denied, that the demandant could maintain this action, inasmuch as the whole premises described were reserved during the lives of the grantor and his wife ; and that the instrument

subsequently executed by the grantor, purporting to cancel this reservation, not being under seal, was wholly inoperative for the purpose intended.

If the reservation is as broad in its signification, as it is contended in behalf of the tenant, the deed as one of bargain and sale of a fee-simple estate, to take effect *in futuro*, would be void. This result is not to be admitted, if it can be prevented by a construction, which will carry into effect the intention of the parties, and that their designs shall not be defeated. So that if a man have two ways to pass lands by the common law, and he intended to pass them one way, and they will not pass that way, *ut res valeat*, they may pass the other way. Shep. Touch. 82. Upon this principle, a deed of lease and release has been holden to be a covenant to stand seized to uses, when the consideration was a good one. *Doe* v. *Trummer & al.* 2 Wils. 75. A bargain and sale from a parent to a child, to take effect after the death of the parent, has been holden to be a covenant to stand seized to the use of the parent for life, with a vested remainder to the child in fee; because, as a bargain and sale, it would have been a conveyance of a freehold, *in futuro*, and therefore void. *Wallis* v. *Wallis*, 4 Mass. 135; *Emery* v. *Chase*, 5 Greenl. 232. But in the present case, it is believed, effect may be given to the deed under which the demandant claims, consistently with the true intent of the parties, as shown by the deed and in the manner contemplated by them, notwithstanding it is inartificially drawn.

If the design of the parties had been, that an entire reservation of the whole subject-matter of the deed should be made, to continue during the lives of the grantor and his wife, so that the grantee could take nothing at the time of the delivery, the clause "for their maintenance and support" would be wholly unnecessary. The object of the reservation, being expressed, could not enlarge in the least the meaning. But the design may have been to restrict the reservation and thereby to give effect to the deed. The land described in the deed was that on which the grantor lived. It is manifest,

Marden *v.* Chase.

that at the time of the transaction, he depended upon this farm as the source from which his support was to be derived. By the alienation, he did not intend to expose himself to want by the loss of that upon which he so relied for that purpose. The security for his wife's support was also intended to be retained in the same manner, if she should survive him. It is difficult to believe, that it was his expectation or that it was the expectation of the grantee, that the grantor was to have the exclusive management of the farm, unaided by the grantee, during the decrepitude and disease of old age, which might have been anticipated before his death ; much less that all the burden and care of taking charge of a farm, would devolve upon his widow, if she should survive him, when she could have no title whatever under a reservation, and when it is considered that the sole purpose expressed, was their support and maintenance. Hence the reservation was a qualified one. It was to continue so long as the grantor and his wife should need support, but no longer ; it was to be for an amount, which would be sufficient for the purpose expressed, but to be limited thereto. Such is the plain import of the deed, and should have the effect intended, if no principle of law is violated thereby. If the reservation is absolute, without any qualification, the deed will be utterly inoperative for every purpose. The mode of support provided by the grantor would be entirely changed from his manifest design ; the support of his wife after his decease, would be from her dower in the farm, instead of the whole farm, if the income of the whole should be necessary, as he undoubtedly intended.

The deed may be fairly construed to convey an estate, immediately subject to the support of the grantor and his wife, during their lives, and incumbered by the right of the grantor to the use, occupation and control of the farm, so far as it might be necessary to obtain that support. Such right would not necessarily extend to an exclusive occupation or control of the farm, and would not therefore amount to a reservation of a life-estate in it.

*Exceptions overruled.*